UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSÉ CUADRADO

v.   C.A. NO. 09-178 ML

CHARLES DEVINE, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff José Cuadrado, *pro se,* is an inmate at the Adult Correctional Institutions in Cranston, Rhode Island. Plaintiff filed with the Court a complaint pursuant to 42 U.S.C. §1983 ("§1983") relating to his arrest in 2000 (Docket #1). In the caption of his civil cover sheet, plaintiff names as defendants policemen Charles Devine and Scott Feeley; fireman John Kelley; nightclub employee Reyes Contreras; and Metropolitan Prop. & Liab. Ins. Co. ("Metropolitan").

Presently before the Court is a motion plaintiff filed for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a)(2) (Docket #2). This matter has been referred to me for determination; however, upon screening plaintiff's complaint as required by 28 U.S.C. §1915(e)(2) ("§1915(e)(2)"), I have found that plaintiff's claims are frivolous and/or fail to state a claim upon which relief may be granted. Therefore, I address this matter by way of this report and recommendation. For the reasons stated below, I recommend that plaintiff's motion to proceed *in forma pauperis* be DENIED and his complaint be DISMISSED, with prejudice.

BACKGROUND

The relevant facts as described by plaintiff in his complaint are as follows. On October 14, 2000, plaintiff went to Club 2000 in Pawtucket. While there he grabbed a man by the neck and Pawtucket policemen Devine and Feeley forced him outside. When he was driving out of the parking lot, the officers were standing near the exit. One of the officers told him to stop and then shot him in the arm. He kept driving, but was eventually pulled over and arrested.

1

According to one of the "Verified Complaints" filed as an attachment to his complaint, on September 19, 2001, plaintiff pled guilty to felony assault charges in connection with the events on October 14, 2000. Plaintiff alleges that, although he did not commit assault, the defendants (other than Metropolitan) accused him of assaulting them and were going to falsely testify against him at the trial. He seeks $3,000,000 in compensation.

## DISCUSSION

### I. Preliminary Issue: Type of Action

Plaintiff filed two "Verified Complaints" addressed to the Rhode Island Superior Court (the "RISC") as attachments to his complaint. In one Verified Complaint plaintiff seeks to withdraw a plea he made in the RISC while in the other he seeks to have his sentence calculation corrected. As the Verified Complaints are addressed to and seek relief from the RISC, they should not be considered complaints filed in this Court. Therefore, although this matter has been docketed as a habeas corpus action based on the Verified Complaints, this action has been brought pursuant to §1983, as indicated in the civil cover sheet filed as part of the complaint.

### II. Screening Standards Under § 1915(e)(2)

In connection with proceedings *in forma pauperis*, §1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that, *inter alia*, the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2). Accordingly, I have reviewed plaintiff's complaint in connection with his application to proceed *in forma pauperis*.

In determining if an action states a viable claim, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *United States v. AVX Corp.*, 962 F2d 108, 115 (1st Cir. 1992). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When viewed in this manner, to state a claim, the

pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8(a)(2).

As plaintiff has filed this action under §1983, he must demonstrate that the conduct of which he complains (i) was committed by a person acting under color of state law and (ii) deprived him of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although not clear from the complaint, construing the complaint liberally, plaintiff alleges his constitutional rights were violated by (1) the police officers using excessive force against him on the night of his arrest and (2) the officers and Kelley and Contreras falsely accusing him of assault and planning to testify against him regarding the same, presumably coercing him into pleading guilty. However, as discussed below, I find that these claims are frivolous and/or fail to state a claim for which relief may be granted.

### III. Absence of Claims Against Metropolitan

Although plaintiff names Metropolitan as a defendant in the caption of the civil cover sheet, Metropolitan is not mentioned in the body of the complaint. Further, I can fathom no reason why this private company would be a viable defendant in this §1983 action. Therefore, plaintiff has failed to state a claim for which relief may be granted against Metropolitan. *See, e.g., Pandey v. Freedman*, 66 F.3d 306 (1st Cir. 1995)(affirming dismissal of defendant named in caption of complaint since no allegations against defendant in body of complaint). Accordingly, I recommend that Metropolitan be DISMISSED, with prejudice, as a defendant.

### IV. Claims Time Barred

Although the statute of limitations is generally an affirmative defense, the court can raise the issue *sua sponte* when prescreening a prisoner's complaint under §1915(e)(2). *See Johnson*

*v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991)(affirmed dismissal of complaint as frivolous under prescreening provision of §1915 "because the temporal hurdle was both apparent and insurmountable"); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991)(per curiam)("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the prescreening provision of §1915); *Eriline Co., S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006)(statute of limitations defense may be raised by the court *sua sponte* when conducting a screening pursuant to §1915 if it is clear on face of complaint that it is time barred); *Caldwell v. Sun City Endoscopy*, CV 08-2086, 2009 WL 995787, at * 1 (D.Ariz. Apr. 14, 2009)(appropriate to dismiss prisoner's complaint for failure to state a claim *sua sponte* as time-barred under §1915(e)(2)(B)).

In actions brought pursuant to §1983, federal courts look to the forum state's statute of limitations governing personal injury actions to determine the appropriate limitation period. *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 582 (1989). The applicable statute of limitations in this jurisdiction is R.I. Gen. Laws 9-1-14(b), which provides for a three year limitations period. *See* R.I. Gen. Laws 9-1-14(b). Further, actions under §1983 generally accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. *See Moran Vega v. Cruz Burgos*, 537 F.3d 14, 20 (1st Cir. 2008).

Here, the excessive force about which plaintiff complains occurred on the night of his arrest – October 14, 2000. As plaintiff knew of the excessive force at the time of the arrest, the three-year statute of limitations on these claims began to run that night. Similarly, defendants' alleged false accusations and plans to testify against plaintiff occurred and were brought to plaintiff's attention prior to plaintiff's plea on September 19, 2001. Therefore, the statute of limitations on these claims began to run at some point prior to the day of his plea. However, plaintiff did not file this action until April 15, 2009, well beyond the three-year limitations

period. Further, plaintiff does not allege any facts suggesting that the statute of limitations could be tolled in this case. Therefore, I find plaintiff's claims against Devine, Feeley, Kelley, and Contrares are time barred and thus are frivolous and/or fail to state a claim for which relief may be granted. I need not reach the question of whether the alleged misconduct amounts to constitutional violations by persons acting under the color of state law. Accordingly, I recommend that the claims against Devine, Feeley, Kelley, and Contrares be DISMISSED, with prejudice.

## CONCLUSION

In summary, as I find that plaintiff's complaint fails to include any allegations against Metropolitan and contains only claims that are time barred against the other defendants, I recommend that the claims against all defendants be DISMISSED, with prejudice, and that the action be DISMISSED, with prejudice, in its entirety.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
June 30, 2009